```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANK ROY,<br><br>        Plaintiff,<br><br>    v.<br><br>JUSTIN M. BERNSTEIN and KENNETH R. SCHUSTER AND ASSOCIATES,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-5905 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    In this case, Plaintiff Frank Roy alleges that Defendant Justin Bernstein, an attorney with the Defendant law firm Kenneth R. Schuster and Associates, made slanderous statements about him before the Court of Common Pleas, Delaware County, in the Commonwealth of Pennsylvania. This matter comes before the Court on Defendants' motion to dismiss [Docket Item 4] for failure to state a claim and for lack of subject matter jurisdiction. For the following reasons, the Court finds it has diversity jurisdiction and it grants Defendants' motion to dismiss for failure to state a claim.

    1.   The facts in this case are straightforward. Plaintiff alleges that during proceedings before the Court of Common Pleas, Delaware County, Defendant Bernstein and his client both told the judge that Plaintiff had done "an illegal act" which

resulted in the court vacating a large money judgment[1] that had been entered in Plaintiff's favor. (Compl. ¶ 1.) Plaintiff alleges that this "slanderous statement" was made with Defendants' "personal negligence." (Id.)

    2.   Defendants argue that this case must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of diversity jurisdiction because the damages in the case do not exceed $75,000, the amount-in-controversy requirement of 28 U.S.C. § 1332(a). Section 1332(a) provides district courts with subject matter jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . ." Generally, a party who invokes federal court jurisdiction has the burden of demonstrating the court's jurisdiction. Columbia Gas Transmission Corp. v. Tarbuck, 62, F.3d 538, 541 (3d Cir. 1995) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Roy v. Ramsey Moving System, No. 15-cv-3330,

---

[1] Defendants explain that Plaintiff is referring to a hearing on a motion to vacate a default judgment in Frank Roy v. Ramsey Moving Systems, Case No. 12-53172, Court of Common Pleas, Delaware County, Commonwealth of Pennsylvania. Defendants have appended a copy of the transcript of this hearing to their motion to dismiss. (See Def. Mot. Ex. B.) The Court may consider this transcript on the present motion without converting it to one for summary judgment because it is a document "integral to or explicitly relied upon in the complaint" and because it is a matter of public record. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

2016 WL 1163932, at *2 (D.N.J. March 23, 2016) (Simandle, J.). In diversity cases, courts generally rely on the plaintiff's allegations of the amount in controversy contained in the complaint. Columbia Gas, 62 F.3d at 541; see also Suber v. Chrysler Corp., 104 F.3d 578, 583 (3d Cir. 1997). "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith." Feuerstein v. Simpson, 582 F. App'x 93, 98 (3d Cir. 2014). However, if the defendant challenges the sufficiency of the plaintiff's amount in controversy, "the plaintiff who seeks the assistance of the federal courts must produce sufficient evidence to justify its claims." Suber, 104 F.3d at 583. Dismissal is appropriate if the defendant can demonstrate that the jurisdictional amount cannot be met, or if, from the proof, it appears to a legal certainty that the plaintiff is not entitled to that amount. Columbia Gas, 62 F.3d at 541; see also Dolin v. Asian Am. Accessories, Inc., 449 F. App'x 216, 218 (3d Cir. 2011).

   3. Plaintiff alleges that he is a citizen of New Jersey and that Defendants are citizens of Pennsylvania. (See Compl.) He also alleges that he is entitled to judgment "in the amount of $350,000 plus interest and cost of suit." (Id.) Defendants contend that there is no basis for this $350,000 figure and that this allegation was not made in good faith, and Plaintiff has not provided in response any evidence of how he was damaged by

3

Defendant's alleged statements sufficient to justify his claims. The Court has serious doubts about its jurisdiction over this dispute, but because Defendants have not shown that Plaintiff would not be entitled to this amount as "a legal certainty," the Court will deny Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1).

4.   Defendants also argue that the bare allegations in the Complaint fail to state a claim for which relief can be granted. Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and

4

conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

5.   To state a claim for relief for defamation under New Jersey law, a plaintiff must allege "(1) that defendants made a false and defamatory statement concerning plaintiff; (2) that the statement was communicated to another person and not privileged; and (3) that defendants acted negligently or with actual malice." G.D. v. Kenny, 15 A.3d 300, 310 (N.J. 2011). Plaintiff has failed to properly allege all three elements of his claim.

6.   Plaintiff has not identified any particular statements made by Defendant Bernstein that could be considered defamatory, and a review of the transcript of the hearing in question reveals nothing actionable. False statements of criminality are defamatory as a matter of law, Romaine v. Kallinger, 537 A.2d 284 (N.J. 1988), but it is apparent that despite Plaintiff's allegation, Defendant Bernstein made no such statement at the hearing. Nor did Defendant Bernstein admit any "words that subject a person to ridicule or contempt, or that clearly sound to the disreputation of an individual" that could be considered defamatory on their face. DeAngelis v. Hill, 847 A.2d 1261, 1268 (N.J. 2004) (citing Lawrence v. Bauer Pub. & Printing Ltd., 446 A.2d 469, 473 (N.J. 1982)). Because he has not identified the particular statement for which he seeks relief, Plaintiff has

5

given the Defendants no "fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. at 93.

7.  Even if any such statement had been made, it would not be actionable because it was made during proceedings before the Court of Common Pleas, Delaware County, and is therefore protected by the litigation privilege. The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or by other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Hawkins v. Harris, 661 A.2d 284, 289 (N.J. 1995); see also Bochetto v. Gibson, 860 A.2d 67, 71 (Pa. 2004) ("Pursuant to the judicial privilege, a person is entitled to absolute immunity for communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought."). Plaintiff alleges that Defendant Bernstein made a false statement about Plaintiff's criminal behavior before the Court of Common Pleas, and that that statement "manipulated" the judge into vacating the default judgment granted in his favor. Clearly, any statement for which Plaintiff seeks relief in this action was made in a judicial proceeding, by an attorney, in order to defend his client, Ramsey Moving Systems, in its dispute with Mr. Roy. Both New Jersey and Pennsylvania, where the statement

6

was allegedly made, protect Defendant Bernstein and Defendant Kenneth R. Schuster and Associates from liability for this alleged defamation.

8. Nor has Plaintiff adequately alleged the requisite level of culpability to state a claim for defamation. Plaintiff alleges only that Defendant made a "slanderous statement" "with his personal negligence." (Compl. ¶ 1.) These are exactly the kinds of "labels and conclusions" which the Supreme Court held insufficient to withstand a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P. *Iqbal*, 556 U.S. at 678. Without further allegations setting forth why Defendant Bernstein acted in a negligent manner by making the purported statement, Plaintiff has failed to state a claim for defamation. Moreover, if no defamatory statement is alleged, then it matters not that a defendant acted "negligently." Accordingly, Defendants' motion to dismiss under Rule 12(b)(6) will be granted. This dismissal will operate with prejudice, because no amendment could cure the defects noted above, especially the litigation privilege.

9. An accompanying order will be entered.

**June 15, 2016**              **s/ Jerome B. Simandle`**
Date                           JEROME B. SIMANDLE
                               Chief U.S. District Judge